**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Light in the Box Limited, | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  1:26-cv-08286 |
| v. | ) | |
| | ) | Dist. Judge Elaine E. Bucklo |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule A, | ) | Mag. Judge Albert Berry, III |
| Defendants | ) | |

### Plaintiff's Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3)

**NOW COMES** Light in the Box Limited ("Plaintiff"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 4(f)(3) requests this Court's authorization to serve process by electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant documents on a website and by sending an e-mail, to the e-mail addresses identified and provided for Defendants by third parties, that includes a link to said website.  Plaintiff submits that providing notice via electronic publication and e-mail in this way, along with any notice which Defendants will also receive from Temu and its respective payment processor(s), is reasonably calculated under all circumstances to best apprise the Defendants in this case of the pendency of the action and best afford them the opportunity to raise objections.

Electronic service is appropriate and necessary because Defendants in this case, on information and belief: (i) use incomplete and/or not readily verifiable physical address information in its registrations for the Defendant Internet Stores, in order to obfuscate their locations and avoid liability for their unlawful conduct; and (ii) rely almost exclusively on electronic communications to communicate with their third-party service providers and customers, demonstrating the reliability of this method of communication by which Defendant may be apprised of the pendency of this action. *See*, [Dkt. 5 ¶ 11].

Page **1**

Temu and other e-commerce storefront accounts are very often sold or transferred from the identified registered party to a second party who is not identified in the account information.  Id. at ¶ 12.  Authorizing service of process via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive the most-prompt notice of this action, thus allowing this action to move forward expeditiously.  Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be denied final judgment.

Defendants accepting Temu Payments, PayPal, and other payment processor accounts must provide a valid e-mail address to customers for completing payment.  See, Id., at ¶ 10.  It is necessary for merchants, such as Defendants, who operate their Defendant Online Stores entirely online, to visit their Defendant Online Stores to ensure they are functioning and to communicate with customers electronically including, necessarily, via email.

As such, it is far more likely that Defendants can be served electronically than through physical or other traditional service of process methods.  Defendants must invariably provide an e-mail address to third-party online marketplace platforms such as Temu when registering their account.  Id., at ¶ 12.  Moreover, unlike an e-mail address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses which the registrant may provide.  Id.  Because an e-commerce store operator can input any physical address, and because on information and belief many items are dropshipped from third-parties and not originating from Defendants themselves, such addresses are very often false and/or are not where the e-commerce store operator is located, including because product returns are not a consideration. Id.  As such, even if a physical address is available, it is not a reliable means for identifying and locating Defendants.  Id.

Federal Rules allow this Court to authorize service of process by any means not prohibited by international agreement as the Court directs.  Fed. R. Civ. P. 4(f)(3); Gianni Versace, S.P.A. v.

Yong Peng, et al., No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019), *citing*, Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in Rio Properties held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." Id., at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. Id.

A number of Courts, including the Northern District of Illinois, have held that alternate forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." Id. at 1018; *See also*, Deckers Outdoor Corp. v. The P'ships and Unincorporated Assocs. Identified on Schedule "A", No. 15-cv-3249 (N.D. Ill. April 21, 2015) (unpublished) (order granting Ex Parte Motion for Temporary Restraining Order, which included permission to serve electronically).

Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). Rio Properties, 284 F.3d at 1014-15. As the Rio Properties Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. Id., at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. Id. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. Id. Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See*, Nagravision SA v. Gotech Int'l Tech. Ltd., 882 F.3d 494, 498 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark

because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3).").

The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). [Dkt. 5 ¶ 13]. According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." Id.

Plaintiff has been reasonably diligent with its investigation into the addresses of the Defendants and determined that either no address information was provided for them at all by the platforms or that the as-provided address information was not readily verifiable. [Dkt. 5 ¶ 11]. *See*, Union Imagination Tech. Co. Ltd. v. Doe, 1:26-cv-05537 Dkt. 18 (ND. Ill. July 8, 2026) (J. Tharp), *citing*, Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., 177 F.4th 793, 799 (7th Cir. 2026). Further, the Hague Convention does not itself preclude service by e-mail. [Dkt. 5 ¶ 13]; *See e.g.*, Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by email is not prohibited by the Hague Convention"); Facebook, Inc. v. Banana Ads, LLC, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (citing cases where courts held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China).

Court-directed electronic service pursuant to Rule 4(f)(3) is appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…" because of the injunctive relief sought by Plaintiff, even if the Hague Convention did apply. Strabala, *citing*, 4B Fed. Prac. & Proc. Civ. § 1134 (4th ed.).

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication.

Dated: July 16, 2026

Respectfully submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Plaintiff*